Filed 6/20/16  P. v. Willis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>TODD JOSEPH WILLIS,<br><br>　　　　Defendant and Appellant. | C081042<br><br>(Super. Ct. No. 15F06505) |

Defendant Todd Joseph Willis was charged with felony first degree robbery and misdemeanor resisting an officer.  The complaint alleged that, as to the robbery charge, defendant had a prior strike conviction.

Defendant pled no contest to assault by means likely to produce great bodily injury, a lesser related offense to count one, and petty theft, a newly added count, and admitted the prior strike in exchange for a four-year state prison sentence and dismissal of the resisting charge.  The factual basis of the plea is as follows:

On October 18, 2015, defendant assaulted R. T. by means of force likely to produce great bodily injury.  The parties stipulated to a factual basis for the petty theft charge.  On September 13, 2010, defendant was convicted of robbery, a felony.

1

At the sentencing hearing, the trial court denied probation and sentenced defendant to the lower term of two years on the assault, doubled for the prior strike, for an aggregate sentence of four years in state prison. Defendant, who was then serving time on an unrelated matter, waived presentence custody credit in exchange for immediate commencement of his sentence. The court imposed "minimum fees and fines" and reserved jurisdiction on the issue of victim restitution.

The abstract of judgment imposed a $300 restitution fine; a $300 parole revocation fine, stayed pending successful completion of parole; an $80 court operations assessment, and a $60 criminal conviction assessment.

Defendant filed a timely notice of appeal. The trial court granted his request for a certificate of probable cause. (§ 1237.5.)

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979), 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:


/s/
Hull, Acting P. J.


/s/
Butz. J.

2